This is an action for the recovery of a commission on the sale of real estate. Defendant filed exceptions of no right or cause of action which were sustained by the District Court, but on appeal this Court reversed the judgment and remanded the case for further proceedings; Tharpe v. Tracy, La. App.,40 So.2d 509.
During trial on the merits it developed that E. A. Tharpe 
Company, a partnership composed of E. A. Tharpe, Sr., and E. A. Tharpe, Jr., was the real entity at interest as party plaintiff. Upon this development defendant objected to further proceedings in the suit and filed an exception of no right of action directed against E. A. Tharpe, Jr., doing business as E. A. Tharpe Company. This objection and exception were met by the filing of an intervention on behalf of the partnership. Counsel for defendant concedes the proper allowance of the intervention under the authority of Succession of Berthelot, La. App., 24 So.2d 185.
After these proceedings and conclusion of trial on the merits, there was judgment in favor of the partnership, as plaintiff, and against the defendant in the sum of $462.50, being the amount claimed, with interest and costs. There was further judgment in favor of defendant sustaining the exception of no right of action and dismissing the demands of E. A. Tharpe, Jr. From the judgment defendant appealed and the original plaintiff, E. A. Tharpe, Jr., apparently as a precautionary measure, has also appealed.
The facts involved, which are largely uncontroverted, may be briefly recapitulated. On August 20, 1948, the defendant, D. M. Tracy, listed for sale with the plaintiff real estate brokerage company certain specifically described property located in Caddo Parish, Louisiana, under the terms of which listing the broker was vested with the exclusive right to sell the described property for a period of forty days from the date of listing. Because the interpretation *Page 337 
of the contract is material in the determination of this litigation, the following pertinent clause therefrom is set forth:
"Should this property be sold by me, by you or by any otheragent during the existence of this contract, or should it besold within six months after the expiration of this contract toanyone to whom this property has been exhibited or offered forsale by you for the price above set out or any other price, I agree to pay you the above stipulated commission as a consideration for your previous efforts to sell the property." (Emphasis supplied.)
The "stipulated commission" referred to was fixed at 5% on the sale price. Shortly before the actual listing of the property defendant had contacted or been contacted by one Charles S. Cox who was interested in defendant's property. It appears that Cox inspected the property and that he was disposed to make the purchase provided that he could make a sale of certain property of his own. The defendant, Tracy, advised Cox to contact the Tharpe Company with whom he, defendant, proposed to list his property. Cox did contact Tharpe Company and actually listed his own property with them. As a result Tharpe was the agent representing both Tracy and Cox.
The Tharpe Company advertised the Tracy property on dates of August 26, September 1, 2, 3, 5, 8 and 11, 1948. During this period, on or about August 30th, one of the Tharpe salesmen drew up a written contract which was signed by Charles S. Cox in which Cox offered to purchase the Tracy property for the sum of $9,250.00, which offer, however, was contingent upon Cox's sale of his own property. The offer was rejected by defendant, Tracy. On or about September 11th, defendant and his wife, manifesting their dissatisfaction with the lack of results from the listing with Tharpe, and particularly objecting to the fact that the broker refused to run pictures of the property in his advertisements, requested a release of the contract, and, in consequence of this request, the following letter was delivered by a representative of the Tharpe Company to the defendant, Tracy:
"September 11, 1948
"Mr. D. M. Tracy Broadacres Road Shreveport, La.
"Dear Mr. Tracy:
"By mutual agreement between yourself and this company we hereby acknowledge the termination of our exclusive listing contract on your property, the south 132 ft. of Lot 36 of the Nichols Subdivision of Caddo Parish, La.
"We are sorry we were unable to be of service to you at this time.
"Very truly yours,
E. A. Tharpe Company signed/ L. D. Cage By — L. D. Cage"
On September 27, 1948, slightly over two weeks after the date of the above quoted letter, the defendant, Tracy, sold the subject property to Charles S. Cox for a total consideration of $9,250.00. Subsequent to this sale this suit was instituted seeking recovery of the sum of 5% alleged to be due as commission upon the consideration set forth.
The arguments advanced on behalf of defendant on this appeal are largely reiterations of the contentions made on the occasion of the first appeal involving the exceptions of no right nor cause of action in the case of Tharpe vs. Tracy, cited supra. Briefly restating defendant's position we observe that it is urged that there were no rights under the exclusive listing agreement that accrued to Tharpe as of September 11, 1948, the date of the termination of the contract, and further, that the agreement of September 11, 1948, was a clear abandonment, cancellation, rescission or waiver of the original contract and all rights thereunder.
We observe that defendant's contentions with respect to the existence vel non of accrued rights under the contract are somewhat inconsistent in that it is first contended no rights had accrued and next, that "no reservations were made in the agreement."
We are unable to add any further reasons to those advanced in our opinion on original hearing in which we held that the release of the contract as evidenced by plaintiff's *Page 338 
letter of September 11th should be construed not as a rescission nor an abrogation but simply as a termination which could not be considered as depriving plaintiff of the rights which had accrued to him prior to the date of said termination.
Examination of cases cited by counsel for defendant in support of the contention that the release of the exclusive listing contract effected a rescission or complete abrogation of the contract, Wallick v. Eaton, 110 Colo. 358, 134 P.2d 727, and Irwin v. State Brokerage Co., 82 Ind. App. 687,147 N.E. 531, impresses us with a distinction in the facts as well as the grounds of the action. It is to be observed that both cases involved the question of fraud, which we observe, again, is not present in the instant case.
With respect to further consideration of the intent of the parties as affected by evidence adduced on trial of the merits, we are impressed with the fact that plaintiff's representative, Cage, who subscribed the letter of September 11th, testified repeatedly and positively that he considered the effect of the letter to be simply a surrender of plaintiff's right to the exclusive listing. Certainly it must be conceded that plaintiff's actions have been consistent with this evidenced belief and intent. It is contended that plaintiff in reality produced no prospect and made little if any effort to consummate a sale of the property. In support of these conclusions it is pointed out that plaintiff's representative advised the defendant that the property was too far out and the price was too high. Apparently defendant must have come to agreement with the latter portion of this objection inasmuch as he finally made a sale of the property for a consideration of $600.00 less than the amount fixed in his listing with plaintiff.
It is further urged that plaintiff did not produce a prospect and that the only prospect, who became the eventual purchaser of the property, was produced by defendant. We think this point passes out of consideration in view of the conditions of the listing contract above quoted. Certainly these provisions are plain and unambiguous. In effect defendant was obligated by the provisions of the contract to pay plaintiff a commission even in the event the defendant had sold the property to a party or parties whom plaintiff had never seen, contacted nor known. In view of the contractual agreement the usual requirement in cases of this nature to the effect that the broker must produce a prospect ready, able and willing to buy, is not material nor pertinent. Conceding, as argued by distinguished counsel for defendant, that the prospect was produced by the owner and the property sold by the owner, it is nonetheless evident that this exact contingency was provided for in the contract, under the terms of which the defendant agreed that even in such event the broker should be entitled to his commission.
We have recently had occasion to consider a somewhat similar question of termination of a real estate brokerage contract in the case of Glover v. Griffin, La. App., 43 So.2d 915, in which we held that all contractual relationships terminated prior to the negotiations which finally culminated in a deal between the owner and the prospective purchaser. In disposing of the arguments that an exclusive listing entitled the plaintiff to recover, we specifically noted the fact that there was a complete absence of any proof as to the terms and provisions of the alleged contract.
Not so in the instant case because here we have a definite written contractual agreement upon which plaintiff bases its claims.
With reference to the status of the original plaintiff, E. A. Tharpe, Jr., and the disposition of his claims in response to defendant's exception, we think the action of the Judge of the District Court was correct.
For the reasons assigned the judgment appealed from is affirmed, the costs of this appeal to be divided equally between defendant-appellant, D. M. Tracy, and plaintiff-appellant, E. A. Tharpe, Jr. *Page 339