HARDY, Judge.
Plaintiff instituted this suit for the recovery of the sum of $500 alleged to be due as a broker’s commission on the sale of certain described real estate under the terms of a contract entered into between plaintiff and defendant. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which-judgment plaintiff has appealed.
By instrument of date January 31, 1952, plaintiff and defendant entered into an exclusive sale contract effective for a period of thirty days from date, which contract contained, inter alia, the following provision :
“Should this property be sold by me, by you, or by any other agent during the existence of this contract, or should it be sold within six months after the expiration of this contract to anyone to whom this property has been exhibited or offered for sale by you for the price above set put, or for any other price, T agree to pay you the above stipulated commission as a consideration for your previous efforts to sell the property.”
The property covered by the contract was sold after the expiration of the thirty-day term, but within the six month period comprehended in the above noted provision, to Lawrence Bell Brashier, Jr. ■
Plaintiff’s asserted right to recovery of commission rests upon his contention that hé offered the property to Brashier through his wife, Mrs. Brashier, prior to the expiration of the thirty-day period. The facts relating to this so-called offer, as disclosed by the record, are that Mrs. Brashier called plaintiff during the thirty-day term of the exclusive listing contract to inquire about the property which was then being advertised for sale by plaintiff; that at the time of the call plaintiff was not at home but later he returned the call and talked to Mrs. Brashier, who inquired as to price, amount of down payment, description of the property and other details. As a matter of fact, Mrs. Brashier had already seen and inspected the property prior to January 31, 1952, the date of plaintiff’s contract with *463 defendant, at which time the property was being offered for sale by another realtor. As above noted, the Brashiers purchased the property some time after March 1, 1952, at which time it was in charge of still another real estate broker, through whom the negotiations were concluded and who actually received the commission attendant upon the sale of the property.
It is o'bvious that plaintiff relies upon the technical wording of the contractual provision but we think he has failed to substantiate his claim thereunder. There is not the slightest evidence that plaintiff “exhibited or offered for sale” the property in question to the eventual purchaser. As we have stated the only contact between plaintiff and the purchasers was through Mrs. Brashier in response to a telephone call initiated by Mrs. Brashier and was limited to somewhat casual questions and answers. There is no testimony of any substantial nature whatsoever which would indicate that plaintiff had made any effort to offer or to press negotiations relating to the sale of the property.
The holding of this-court in Tharpe v. Tracy, 47 So.2d 336, cited as authority for plaintiff’s contentions, is entirely' inappropriate in view of the material difference in the facts of the two cases.
There is not the slightest basis in the instant case for a finding that plaintiff either “exhibited” or “offered for sale” to the eventual purchaser the property here involved. Even a concession, arguendo, that Mrs. Brashier was acting as a mandatory for her husband has no effect upon the point at issue.
It is obvious that the purpose of the exclusive listing contract employed by real estate brokers is designed for their protection against avoidance or evasion of the payment of commissions by property owners in cases where the brokers have performed the services required. But to hold, as would -be required in this case in order to effect recovery by plaintiff, that a simple telephone call, initiated independently of any effort by a-broker, complies with the condition oí the contract, would be straining the interpretation beyond all reason. The effect would be to open the door to all manner of claims which would result in penalizing a listing owner by placing him at the absolute mercy of any claim which might be asserted.
In this case we are convinced that the plaintiff has failed to establish any facts which would justify the application of the contractual provision in a most technical sense.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.